UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HERIBERTO SANTILLAN-TABARES** | : | **DOCKET NO. 2:22-cv-02873** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MA'AT** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Heriberto Santillan-Taberes ("Petitioner") on August 17, 2022. Doc. 1. Petitioner is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Petitioner is currently serving a sentence imposed by the United States District Court for the Western District of Texas. Doc. 1, p. 1, ¶ 4. He contends that he is entitled to Earned Time Credits under the First Step Act and that, because of the Bureau of Prison's refusal to award same, he is being unlawfully detained, as his release date after applying the credits to which he is entitled would have been July 1, 2022. *Id*. at p. 6, ¶ 13.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application -- Exhaustion

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

The BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. See 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the

warden's response (BP-10). 28 U.S.C. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office (BP-11). *Id*. There are time limits for BOP officials to respond at each level of the administrative remedy process.

Petitioner admittedly did not file any administrative grievances, due to the allegation that no staff is available, his unit is on lockdown, and because any appeal would be futile, as he is "over incarcerated." Doc. 1, p. 2. Exceptions to the exhaustion requirement apply only in extraordinary circumstances, such as when the petitioner proves that exhaustion would be futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*). The petitioner bears the burden of proving futility. *Id*. He points to no extraordinary circumstances that would warrant an exemption from the exhaustion requirement.

Moreover, petitioners raising identical claims have consistently been required to exhaust prior to filing under § 2241. *See Jarmarphio v. Merrendino,* 1:22-cv-0297, 2022 U.S. Dist. LEXIS 40714 (W.D. La. Feb. 18, 2022) (citing *Bomer v. Garrido,* 1:20-CV-503, 2021 U.S. Dist. LEXIS 250704, 2021 WL 6613441, at *2 (E.D. Tex. 2021), report and recommendation adopted, 2022 U.S. Dist. LEXIS 8247, 2022 WL 178802 (E.D. Tex. 2022) (petitioner must exhaust his claim concerning Earned Time Credit with the BOP before filing a federal habeas petition); *Portillo v. Garrido*, 1:21-CV-59, 2021 U.S. Dist. LEXIS 248820, 2021 WL 6206916, at *2 (E.D. Tex. 2021), report and recommendation adopted, 2022 U.S. Dist. LEXIS 376, 2022 WL 23623 (E.D. Tex. 2022) (same); *Chavez v. Carr*, 4:21-CV-903, 2021 U.S. Dist. LEXIS 239295, 2021 WL 5920714, at *3 (N.D. Tex. 2021)); *Qattoum v. Gillis*, No. 5:18-CV-137, 2020 U.S. Dist. LEXIS 95412, 2020 WL 2841784 at *3 (S.D. Miss. 2020) (same); *Burtons v. Warden, FMC-Fort Worth*, 4:21-CV-935, 2021 U.S. Dist. LEXIS 243891, 2021 WL 6063103, at *3 (N.D. Tex. 2021) (same)).

Petitioner must give the BOP an opportunity to review his claim and determine whether he is entitled to Earned Time Credit before pursuing a § 2241 claim in this Court.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of November, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE